### KRALL et al. v. HOWARD et al.

#### (City Court of New York, General Term. January, 1902.)

ATTACHMENT BOND—SURETIES—LIABILITY.
> Under Code Civ. Proc. § 640, providing that, before granting a warrant of attachment, an undertaking must be given, securing the defendant his costs and damages if he recover judgment, the sureties on an attachment bond were liable to the defendant upon his recovery of a judgment, regardless of whether or not a levy had actually been made.

Appeal from trial term.

Action by Richard H. Krall and others against James H. Howard and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before CONLAN, O'DWYER, and HASCALL, JJ.

Butler & Harwood, for appellants.
Robert B. Honeyman, for respondents.

CONLAN, J. The action was brought against the defendants as sureties upon an undertaking given on the issuance of a warrant of attachment against the property of the plaintiffs, who were defendants in an action brought by Lewis A. Dowd as plaintiff, and in that action the defendants had judgment. The contention of the defendants in this action is that there was no levy, and that, even if there was a levy, no property of the defendants in the former action was attached. There is evidence that the deputy sheriff levied under the judgment upon certain personal property, and took the receipt of the person in whose possession it was found. The defendants offered no evidence upon the trial, and appeared to rely upon their assertion that no levy was made, as the ground for a reversal of the judgment, but the plaintiffs had judgment in the action brought by Dowd against them;

and one of the conditions of the undertaking is if the defendants recover a judgment in the action. Code Civ. Proc. § 640. It is sufficient to say on this appeal that the undertaking was given as a necessary prerequisite to the issuing of the attachment; that the judgment in favor of the defendants disposes of the attachment, and of all questions arising thereunder, and fixes the liabilities of the sureties. It was stated in Currie v. Riley, 14 Wkly. Dig. 407, that "the contention that, no property having been taken, there can be no damage, is without support." Entertaining these views, it follows that the judgment appealed from was right, and should be affirmed.

Judgment affirmed, with costs. All concur.